# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| LINDE GAS NORTH AMERICA, LLC, : <br> : <br> Plaintiff, : <br> v. : <br> : <br> IRISH OXYGEN COMPANY, : <br> : <br> Defendant. : | Civ. Action No. 18-12365 (FLW) <br><br> **ORDER and JUDGMENT** |

**THIS MATTER** having been opened to the Court by Mark S. Morgan, Esq., counsel for Plaintiff Linde Gas North America, LLC ("Plaintiff" or "Linde"), on a Motion for default judgment against Defendant Irish Oxygen Company ("Defendant" or "Irish Oxygen"), pursuant to Federal Rule of Civil Procedure 55(b)(2); it appearing that the Complaint in this matter was filed on August 2, 2018, seeking damages arising from Defendant's alleged breach of contract; it appearing that, although an Answer to the Complaint was filed, Genova Burns LLC, counsel for Irish Oxygen, moved to withdraw as counsel for Defendant on July 10, 2019; it appearing that, on August 6, 2019, the Court granted the motion to withdraw and provided Defendant with 21 days to obtain new representation; it appearing that, notwithstanding the Court's instruction, to date, Defendant has not secured counsel or otherwise communicated with the Court; it appearing that, on August 28, 2019, default was entered against Defendant by the Clerk of Court for the failure to plead or otherwise defend in this action; it appearing that, on September 27, 2019, Plaintiff moved for default judgment; it appearing that, Defendant, having been duly served, has failed to oppose or otherwise respond to the Motion; the Court, having reviewed Plaintiff's submissions in connection with its Motion pursuant to Fed. R. Civ. P. 78, makes the following findings:

(1) In order to obtain a default judgment, pursuant to Federal Rule of Civil

1

Procedure 55(b), a plaintiff must first secure an entry of default from the clerk of the court under Rule 55(a). *Allaham v. Naddaf*, 635 F. App'x 32, 36 (3d Cir. 2015). Once the clerk has entered default, the non-defaulting party may move for default judgment pursuant to Rule 55(b)(2), "depending on whether the claim is for a sum certain." *Id*. Entry of default judgment where damages are not a "sum certain" requires an application to the court to prove, *inter alia*, damages. Fed. R.Civ. P. 55(b)(2). In considering a motion for a default judgment, courts "accept as true the well-pleaded factual allegations of the complaint, but the court need not accept the moving party's legal conclusions or allegations relating to the amount of damages." *Polidoro v. Saluti*, 675 F. App'x. 189, 190 (3d Cir. 2017).

(2) "It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201-02 (1993); *see also Simbraw, Inc. v. United States*, 367 F.2d 373, 373 (3d Cir. 1966) (holding that a corporation is required to "employ an attorney at law to appear for it and represent it in the court . . . ."). "The same applies to LLCs, even those with only a single member, because even single-member LLCs have a legal identity separate from their members." *Dougherty v. Snyder*, 469 F. App'x. 71, 72 (3d Cir. 2012) (citations omitted).

(3) Furthermore, the Third Circuit has held with respect to Rule 55(a) that "[b]y its very language, the 'or otherwise defend' clause is broader than the mere failure to plead," and, therefore, default judgment may be entered even in cases where

a party has filed a responsive pleading, such as an answer. *Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 917 (3d Cir. 1992); *Schindler Elevator Corp. v. Otis Elevator Co.*, No. 09-0560, 2011 U.S. Dist. LEXIS 116883, at *27 (D.N.J. Mar. 24, 2011) ("If a party continuously refuses to obtain counsel, the Court may impose default judgment under Rule 55.") (citation omitted). Accordingly, courts in this District have found it appropriate to enter default judgment where a corporation or an LLC's counsel withdraws and no new counsel is obtained. *See, e.g.*, *Price Home Grp., LLC v. Ritz-Craft Corp. of Pennsylvania*, No. 16-668, 2017 U.S. Dist. LEXIS 185630, at *4 (D.N.J. Nov. 8, 2017) (granting default judgment against Plaintiff LLC for failure to retain counsel after prior counsel withdrew); *Falato v. Fotografixusa*, LLC., No. 09-5232, 2013 U.S. Dist. LEXIS 104151, at *1-2 (D.N.J. July 25, 2013) (granting default judgment against LLC defendant for failure to be represented by counsel).

(4)  On August 6, 2019, the Court allowed Defendant's attorney to withdraw from the case. However, despite ample time being provided, Defendant has not since obtained new counsel, nor has it communicated with the Court as to its efforts, if any, to secure legal representation. Therefore, because Defendant, as a corporation, cannot proceed as an unrepresented party in this action, the entry of default judgment is appropriate. Defendant's Answer is stricken and, for the purposes of this Motion, the allegations contained in the Complaint are taken as true.

(5)  Under New Jersey law, to state a claim for breach of contract, a plaintiff must

allege the following four elements: "(1) a contract between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party stating the claim performed its own contractual obligations." *Frederico v. Home Depot*, 507 F.3d 188, 203 (3d Cir. 2007) (citing *Video Pipeline, Inc. v. Buena Vista Home Entertainment, Inc.,* 210 F. Supp. 2d 552, 561 (D.N.J. 2002)); *Pub. Serv. Enter. Group, Inc. v. Phila. Elec. Co.*, 722 F. Supp. 184, 219 (D.N.J. 1989).

(6) On April 11, 2016, Linde and Irish Oxygen entered into a contractual agreement, under which Linde "supplies and delivers bulk medical gas products, cylinder gas products, and rents equipment to various customers on behalf of Irish Oxygen (the "Medical Gases Agreement.")" Complaint ("Compl."), ¶ 7. The Medical Gases Agreement incorporated other pertinent documents, including the Bulk Gas Equipment Rider and Bulk Gas Term Sheets (collectively, the "Bulk Gas Rider"), in addition to the Cylinder Rider and Cylinder Term Sheets (collectively, the "Cylinder Rider") (the Bulk Gas Rider and the Cylinder Rider are collectively referred to herein as the "Agreement"). *Id*.

(7) Pursuant to the Bulk Gas Rider, Linde supplied and delivered bulk medical gas products and rented equipment to Irish Oxygen for approximately 22 customers. *Id*. at ¶ 8. In addition, Linde supplied and delivered cylinder gas products and rented equipment for approximately 45 customers pursuant to the Cylinder Rider. *Id*. at ¶ 8. In that connection, Linde submitted invoices to Irish Oxygen for the "monthly rent of the rental equipment and the cost of supplying

4

and delivering bulk medical gas products and cylinder gas products pursuant to the Agreement." *Id*. at ¶ 10. The terms of the Agreement required Irish Oxygen to remit payment to Linde within 30 days of the date marked on the invoice. *Id*. at ¶ 11. Despite Linde's formal demands for payment, however, beginning on June 2016, Irish Oxygen ceased paying Linde's invoices altogether. *Id.* at ¶ 12. The instant action followed.

(8) Based on the facts alleged in the Complaint, the Court finds that Linde has entered into a valid and binding agreement with Irish Oxygen, which Irish Oxygen breached because it failed to remit payment in accordance with the terms of the Agreement. In that connection, within the context of contract disputes, "the damages suffered by a party are typically remedied by awarding that party the amount of money that would place it in the position it would have enjoyed had the contract not been breached." *Red Roof Franchising LLC v. AA Hospitality Northshore, LLC*, 937 F. Supp. 2d 537, 551 (D.N.J 2013) (citations omitted); *see also American Air Filter Co. v. McNichol*, 527 F.2d 1297, 1299 (3d Cir. 1975) ("It is elementary that the aim of the law in awarding compensatory damages for breach of contract is to put the injured party in the position he would have been in had there been full performance.") (quotation marks and citation omitted).

(9) Here, in its Motion for default judgment, Linde seeks to recover damages in the amount of $511,354.45, on the basis of Irish Oxygen's breach of contract. According to Linde, that figure is comprised of the following amounts: (a) $313,822.21 in principal owed under the Bulk Gas Rider; (b) $112,181.89 in

principal owed under the Cylinder Rider; (c) $19,170.18 in prejudgment interest;[1] and (d) $66,180.17 in reasonable attorney's fees and costs incurred from July 2018 through September 2019.[2] In light of the contractual principles referenced above, the Court finds that Linde is entitled to recover the amount requested, including principal owed under the Agreement, as well as attorney's fees and prejudgment interest, totaling $511,354.45. *See Miller v. Butler*, No. 12-01004, 2014 U.S. Dist. LEXIS 18815, at *16 (D.N.J. Feb. 14, 2014) ("In contract law, the usual measure of damages is compensatory damages, which puts the injured party in the position he would have been in if the other party performed as promised.") (citing *Donovan v. Bachstadt*, 91 N.J. 434, 444 (1982)).

Accordingly,

**IT IS** on this 23rd day of January, 2020,

**ORDERED** that Plaintiff's motion for default judgement is **GRANTED** and Defendant's Answer is stricken; it is further

---

[1] Although Linde originally requested $21,229.20 in prejudgment interest, it submitted a supplemental certification on January 21, 2020, in which it sought a revised amount of $19,170.18.

[2] The Court notes that paragraph 14(j) of the Agreement entitles Linde to recover attorney's fees and costs, stating "[c]ustomer [Irish Oxygen] shall reimburse LifeGas [Linde] for any fees, costs, and expenses (including attorneys fees) incurred by Life Gas in enforcing any of the provisions of this agreement." Declaration of Cory Heith (dated September 27, 2019), ¶ 14, Exhibit A. In that connection, Linde has submitted a Certification which sets forth the manner in which attorney's fees were calculated under the Agreement, as a result of Irish Oxygen's breach of contract. *See* Declaration of Mark S. Morgan (dated September 27, 2019). In addition, Linde has provided a Certification, describing the method used for ascertaining prejudgment interest pursuant to the applicable regulations under New Jersey law. *See* Declaration of Mark S. Morgan (dated January 21, 2020); *see also* N.J.R. 4:42-11(a)(ii)-(iii). Having reviewed the submitted materials and the attached exhibits, the Court concludes that the requested fees and prejudgment interest are compensable.

**ORDERED** and **ADJUDGED** that Defendant is liable to Plaintiff in the amount of $511,354.45; and it is further

**ORDERED** that the Clerk of Court shall mark this case **CLOSED**.

/s/ Freda L. Wolfson  
Freda L. Wolfson  
U.S. Chief District Judge